**William H. QUINION, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

**No. 99–6342.**

United States Court of Appeals, Second Circuit.

April 16, 2001.

William H. Quinion, Troy, NY, pro se.

Susan Reiss, Assistant Regional Counsel, Social Security Administration, New York, NY, for appellee.

Present FEINBERG, JON O. NEWMAN, and PARKER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

William H. Quinion, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.) entered on November 12, 1999, granting the motion of the Commissioner of Social Security ("Commissioner") to remand the action for further administrative proceedings, pursuant to 42 U.S.C. § 405(g).[1]

---

1. The relevant portion of § 405(g) states as follows:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

In 1995, appellant filed an application for Social Security Disability benefits, alleging disability from August 11, 1989 to June 30, 1992. After his application was denied, appellant requested a hearing before an administrative law judge ("ALJ"). After the ALJ concluded that he was not entitled to benefits, and the Social Security Administration Appeals Council denied his request for review of the ALJ's decision, Quinion appealed to the district court pursuant to 42 U.S.C. § 405(g). The Commissioner moved to have his decision remanded for further proceedings; Quinion opposed the motion and moved for summary judgment. The district court granted the Commissioner's motion and denied Quinion's cross-motion.

On appeal, appellant argues that the district court erred in remanding for further proceedings; instead, appellant contends that the district court should have remanded the action solely for an immediate calculation of benefits. Both parties agree that the ALJ's determination was in error.

In this case, the district court based its conclusion on the lack of substantial evidence to support the Commissioner's determination that Quinion retained the residual functional capacity to engage in light work activity during the time period in question. We have previously stated that where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate. *See Rosa v. Callahan,* 168 F.3d 72, 82–83 (2d Cir.1999). When "further findings would so plainly help to assure the proper disposition of [the] claim, we believe that remand is particularly appropriate." *Id.* (internal quotation marks omitted). Because we agree with the district court's conclusion that the administrative record contains significant gaps, we

affirm its decision to remand for further proceedings.

We have considered appellant's remaining arguments and consider them to be without merit.

For the reasons set forth above, the judgment of the district court is AFFIRMED.